UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE MARIE SIMMONS,<br>        Petitioner,<br>    v.<br>W.Z. JENKINS,<br>        Respondent. | Case No. 19-cv-05683-VC   (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |

On September 10, 2019, Petitioner Joyce Marie Simmons, a federal inmate, filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the computation of her release date under the First Step Act. Simmons alleged that the First Step Act permitted federal inmates to earn 54 days of Good Conduct Time for each year of the sentence imposed and that the Bureau of Prisons failed to recalculate her sentence.

When Simmons filed her petition, she was an inmate at the Federal Correctional Institution in Dublin, California. Since that time, Simmons was transferred to Texas where she is serving the remainder of her sentence on home detention.

On December 21, 2018, the First Step Act was enacted. *Bottinelli v. Salazar*, 929 F.3d 1196, 1197 (9th Cir. 2019). It implemented a number of prison and sentencing reforms. *Id.* Relevant to this petition, the Act amended 18 U.S.C. § 3624(b)(1), which controls how the Bureau of Prisons ("BOP") calculates good time credits. *Id.* The amendment allows federal inmates to earn up to 54 days of good time credit for every year of their imposed sentence. *Id..* Previously, the BOP allowed a maximum of only 47 days of credit per year. *Id.*

The respondent agrees that the First Step Act applies to Simmons' sentence and states that, although her sentence was not recalculated on the date her petition was filed, it was recalculated on December 12, 2019. Simmons' old release date, using 47 days of time credits,

was March 4, 2025. Her new release date, using the 54 days allowed under the First Step Act, is now October 18, 2024. The respondent's Exhibit A, Simmons' Sentence Monitoring Computation Data, shows that her new sentence, computed on December 12, 2019, is now October 18, 2024.

Because Simmons' release date has been recalculated under the First Step Act, as Simmons requested in her petition, the respondent argues her claim is now moot. The respondent also argues that Simmons' self-calculated release date of October 11, 2018, is seven days less than her present release date due to the loss of seven days of good time credits that resulted from a disciplinary action. Simmons is challenging the revocation of the seven days of credit in *Simmons v. Jenkins*, Case No. 19-4536 VC, a separate case before this court.

Simmons argues that her claim is not moot because her release date is now October 18, 2024, but it should be October 11, 2024. She states that this seven-day discrepancy is not due to the disciplinary action she is challenging in Case No. 19-4536 VC. However, Simmons offers no evidence to support her claim that the seven-day discrepancy is not due to the seven day revocation of credits. The respondent offers the declaration of Jennifer Vickers, who has been employed as a Paralegal Specialist in the BOP since July 2007. Vickers states that she has access to and is familiar with the BOP's various record-keeping systems, such as SENTRY, which is the database that tracks inmate discipline and sentence computations. Vickers Dec. ¶ 1. Vickers also states the seven day difference between the BOP's calculation and Simmons' calculation is "attributed to the seven days of good conduct time the Bureau revoked as a result of her disciplinary action for Abuse of Mail, which is the subject of her petition for writ of habeas corpus in cause number 19-cv-04536." Vickers Dec. ¶ 6.[1]

Simmons' unsupported argument that her claim is not moot because of the seven-day discrepancy is without merit. Because of the revocation of seven days of credits, the BOP has awarded Simmons all the time that is due to her under the First Step Act.

---

[1] On January 27, 2021, the petition for a writ of habeas corpus in case number 19-cv-04536 was denied.

2

Because Simmons has received the relief she seeks, the petition is denied as moot.

**IT IS SO ORDERED.**

Dated: June 2, 2021

_____
VINCE CHHABRIA
United States District Judge